**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK COLLINS, INC., | : Civil Case No. 11-4203 (FSH) |
| Plaintiff, | : |
| v. | : **OPINION & ORDER** |
| JOHN DOES 1-43, | : Date: January 6, 2012 |
| Defendant. | : |

**HOCHBERG, District Judge**:

This matter having come before the Court upon a Motion to Dismiss on the basis of misjoinder and in the alternative, issue a Protective Order by John Doe 23 [docket # 8], a Motion to Quash or Modify Subpoena by John Doe 33 [docket # 15], a Motion to Dismiss on the basis of misjoinder and, in the Alternative, to Issue a Protective Order by John Doe 36 [docket # 16], a letter request from Defendant John Doe 33, seeking dismissal of this action against him for failure of Plaintiff to serve or dismiss all Defendants from the action in accordance with an Order filed by the Magistrate Judge on November 18, 2011 [docket # 23]; and a Motion to Amend/Correct Caption and for Leave to File the Amended Complaint so that Plaintiff may have Summonses Issued by Plaintiff [docket # 19]; and the Court having reviewed the submissions of the parties pursuant to Rule 78 of the Federal Rules of Civil Procedure; and for good cause having been shown; and

it appearing that on July 21, 2011, Plaintiff filed suit under 17 U.S.C. § 504 against forty-three unidentified defendants alleging direct and contributory copyright infringement in violation of the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*;[1] and

*Various Motions to Quash/Modify Subpoena/Protective Order*[2]

it appearing that Defendants argue that the subpoenas to the ISP providers should be quashed pursuant to Fed. R. Civ. P. 45(c)(3)(A) because they require disclosure of privileged and protected matter and because they seek disclosure of information protected by the First Amendment of the United States Constitution;[3] and

---

[1] Each defendant is known to Plaintiff only by an internet protocol address ("IP"). The Complaint alleges that each defendant installed BitTorrent client software on his or her computer that enabled each defendant to engage in peer to peer file sharing. The Complaint further alleges that each defendant, through their respective IPs, directly and contributorily infringed Plaintiff's copyright on a motion picture entitled "Gangbanged" by downloading (obtaining from other users) and uploading (distributing to other users) segments of the work via the BitTorrent protocol.
 On August 3, 2011, Plaintiff filed a motion for leave to take discovery on third-party internet service providers ("ISPs") in order to subpoena the ISPs to identify the individuals associated with each IP. On August 23, 2011, the Court granted the motion.
 On October 5, 2011, Defendant John Doe 23 filed a Motion to Dismiss and in the alternative, issue a Protective Order and to Proceed Anonymously. Defendant John Doe 33 filed a Motion to Quash or Modify Subpoena and to Remain Anonymous on November 17, 2011. On November 28, 2011, Defendant John Doe 36 filed a Motion to Dismiss and, in the alternative, to Issue a Protective Order and Proceed Anonymously. On December 8, 2011, Plaintiff filed a Motion to Amend/Correct Caption and For Leave To File the Amended Complaint So That Plaintiff May Have Summonses Issued. On December 30, 2011, John Doe 33 filed a letter requesting that the Court dismiss the action against him for failure of Plaintiff to serve or dismiss all Defendants from the action in accordance with an Order filed by the Magistrate Judge on November 18, 2011.

[2] Certain John Doe Defendants seek to have a protective order entered sealing the case to protect their identities. However, the Court will deny this request for failure to comply with Local Civil Rule 5.3.

[3] A subpoena shall be quashed if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Citing *Sony Music*

2

the Court finding that Defendants' motions will be denied because Plaintiff has made a *prima facie* showing of copyright infringement, that Defendants' limited First Amendment rights do not prevent Plaintiff from seeking Defendants' identities, and that the only way to obtain Defendants' identities is to subpoena the ISP;[4] and

---

*Entm't v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), Defendant contends that a First Amendment interest in anonymous file-sharing makes his or her identity a "protected matter" under Rule 45, and that his or her First Amendment interest must be balanced against the Plaintiff's need for disclosure.

In a case involving similar peer to peer file sharing of copyrighted media, the Sony court found that although a file sharer makes a statement by downloading and uploading selected music, "such an individual is not seeking to communicate a thought or convey an idea. Instead, the individual's real purpose is to obtain music for free." *Sony*, 326 F. Supp. 2d at 564. The court concluded that peer to peer file sharing is entitled to limited First Amendment protection, "subject to other considerations." *Id.*; *see also McVicker v. King*, 266 F.R.D. 92, 94 (W.D. Pa. 2010) (stating that "anonymous speech on the Internet, like speech from identifiable sources, does not have absolute protection"); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 9 (D.D.C. 2008) (stating that "the right to speak anonymously is not absolute, and there are situations that require lesser degrees of First Amendment protection").

In *Sony*, the "other considerations" were the plaintiff's interests in protecting its copyrighted works. Collecting cases evaluating subpoenas seeking identifying information from ISPs, the *Sony* court identified five factors "to weigh the need for disclosure against First Amendment interests." *Sony*, 326 F. Supp. 2d at 564. The five factors are: (1) a *prima facie* claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy. Id. at 564-65. Approaches involving these five factors or some variation thereon have gained near-universal acceptance in other courts. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *First Time Videos, LLC v. Does 1-500*, Civ. No. 10-6254, 2011 WL 3498227, at *6-7 (N.D. Ill. Aug. 9, 2011); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 350-51 (D.D.C. 2011); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 164 (D. Mass. 2008); *see also Dendrite Int'l, Inc. v. Doe No. 3*, 342 N.J. Super. 134, 141-42 (App. Div. 2001) (applying similar factors prior to the *Sony* decision).

[4] The Court finds that Plaintiff has stated a valid claim for copyright infringement. To state a claim for copyright infringement, a Plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has sufficiently alleged both of these criteria in its Complaint. Accordingly, Plaintiff satisfies the first factor in support of quashing the subpoena. Plaintiff has also satisfied the second and third factors as it has established that it lacks any other means to obtain the information which it has subpoenaed,

*Motion to Sever/Dismiss for Misjoinder*

it appearing that certain John Doe Defendants move to sever the claims against him from the claims against all of the remaining John Doe Defendants on the grounds of misjoinder; and

the Court finding that joinder is proper[5] and accordingly, the motion to sever/dismiss will be denied; and

*Motion to Amend Complaint/Defendant's Request to Dismiss Complaint [docket #23]*

Defendant's request to have the action dismissed [docket # 23] will be denied as moot as Plaintiff is not required to serve the Complaint that was the subject of the November 18, 2011

---

relying solely on the IP addresses. Only the ISPs can identify the Defendants once the ISPs have been provided with the IP addresses along with the date and time of the infringing activity. Plaintiff has also sufficiently alleged a central need for the subpoenaed information to advance the claim as it seems there is no other way for Plaintiff to obtain the information is seeks in order to go forward with its copyright infringement claim. As for the fifth factor, Plaintiff has a strong interest in protecting its copyrights and copyright infringers do not have a privacy interest in the subscriber information they provide to ISPs. *See Call of the Wild Movie, LLC v. Does 1-1062 et al.*, 770 F.Supp.2d 332, 348 (D.D.C. 2011). Therefore, with respect to the fifth factor, Plaintiff's interest in discovering Defendants' identities outweighs Defendants' interests in remaining anonymous. Accordingly, the Court finds that Plaintiff is entitled to the information in the subpoenas provided to the ISPs so that it may effect proper service upon Defendants once their identities are discovered.

[5] Federal Rule of Civil Procedure 20 governs permissive joinder and provides that:
> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In the Complaint, Plaintiff alleges that all Defendants participated in the same "swarm" of peer infringers that illegally uploaded and then downloaded Plaintiff's copyrighted movie. In addition, Plaintiff's Complaint sufficiently alleges common questions of law or fact by asserting identical claims against all of the Doe Defendants in this action and suing only those Doe Defendants in the exact same swarm. Therefore, the Court finds joinder in this action is proper and declines to sever any John Doe Defendant from this action.

Order by Magistrate Judge Shwartz because the Court is granting Plaintiff's Motion to Amend the Complaint[6] and Plaintiff will be required to serve the Amended Complaint within 90 days of the date of this Order,

**IT IS THEREFORE** on this 6th day of January, 2012,

**ORDERED** that the Motion to Dismiss and in the alternative, issue a Protective Order by John Doe 11 [docket # 8] is **DENIED**; and it is further

**ORDERED** that the Motion to Quash or Modify Subpoena by John Doe 33 [docket # 15] is **DENIED**; and it is further

**ORDERED** that the Motion to Dismiss and, in the Alternative, to Issue a Protective Order by John Doe 36 [docket # 16] is **DENIED**; and it is further

**ORDERED** that a letter request from Defendant John Doe 33, seeking dismissal of this action against him for failure of Plaintiff to serve or dismiss all Defendants from the action in accordance with an Order filed by the Magistrate Judge on November 18, 2011 [docket # 23] is **DENIED**; and it is further

**ORDERED** that the Motion to Amend/Correct Caption and for Leave to file the Amended Complaint so that Plaintiff may have Summonses Issued by Plaintiff [docket # 19] is **GRANTED;** and it is further

---

[6] The Court finds that Plaintiff has established good cause to permit Plaintiff to file an Amended Complaint solely for the purpose of amending the caption to name certain previously John Doe Defendants and further updating the introductory allegations identifying the names and addresses of said John Doe Defendants.

**ORDERED** that Plaintiff shall serve the Amended Complaint upon Defendants within 90 days of the date of this Order.

s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.
