# UNITED STATES DISTRICT COURT
# OF NEW JERSEY

| | |
|---|---|
| PATRICK COLLINS, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Jeff Hitchcock, Juan Dickerson, Mary Kline, Floyd G. Remley, and John Doe 23, and John Doe 33,<br><br>　　　　　　　　　Defendants. | Civil Action No. 11-cv-04203(FSH)(PS)<br><br>**DISCOVERY PLAN** |

1. For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.[1]

　　　Patrick Collins Inc.
　　　Bowles Crow Lutzer & Newman LLP (Attorney for Plaintiff)
　　　54 W. 21st St., Suite 1007
　　　New York, NY 10010
　　　sam@bowlescrow.com
　　　T: 646-374-0351
　　　F: 866-844-8305

　　　Jonathan Z. Cohen, Esq. (Attorney for Jeff Hitchcock/John Doe 1)
　　　Law Offices of David G. Concannon, LLC
　　　200 Eagle Road, Suite 116
　　　Wayne, PA 19087
　　　jzcohen@davidconcannon.com
　　　T: (610) 293-8084
　　　F: (610) 293-8086

　　　Juan Dickerson (John Doe 14)
　　　2516 Forest Haven Blvd
　　　Edison, NJ 08817

　　　Mary Kline (John Doe 17)
　　　275 Lafayette Road
　　　Harrington Park, NJ 07640

　　　Josh Cooper (John Doe 23)
　　　76 Guilden Street
　　　New Brunswick, NJ 08901

---

[1] Plaintiff anticipates settlements with John Does 1 and 33 prior to the status conference.

    Floyd G Remley (John Doe 38)
    2189 Berkley Drive
    Vineland, NJ 08361

    Sean J Leong (John Doe 33, who is in the process of retaining the same counsel as John Doe 1)
    1 Alexander Avenue
    Montclair, NJ 07043

2. (a) Set forth a brief description of the case, including the facts, causes of action and affirmative defenses asserted.

    Plaintiff is the owner of the work, a movie, known as "Gangbanged," for which Plaintiff has applied for a copyright (the "Work"). Plaintiff alleges that each Defendant used software known as a "BitTorrent client" to both upload and download a copy of the Work, without obtaining authorization from Plaintiff. Plaintiff alleges that by doing so Defendants infringed Plaintiff's copyright, both directly and contributorily, in violation of federal law, including but not limited to 17 U.S.C. § 106 and 501.

    In the Court's Opinion and Order of January 6, 2012, the Court ordered Plaintiff to serve all Defendants within 90 days, resulting in a service due date of April 5, 2012. As of the date of this joint discovery plan, Plaintiff has not served Defendants, and Defendants have not answered, so affirmative defenses have yet to be asserted. However, counsel for Jeff Hitchcock (John Doe 9) has agreed to waive service pursuant to Rule 4(d) and Plaintiff is waiting on signed waiver forms to file with the Court.

(b) Is this a fee-shifting case?

    Yes.

If so, set forth legal authority.

    17 U.S.C. § 505.

3. Has this action, in whole or in part, been: Settled __X__ Discontinued _____

If yes, has there been a Stipulation/Dismissal filed?

    Yes __X__ No _____

    No settlements have been reached with the current Defendants. Plaintiff has reached settlement with a number of prior Defendants, and stipulations of dismissal have been filed with regard to each Defendant that has settled.

4. Have settlement discussions taken place? Yes __X__ No __X__

    Juan Dickerson (John Doe 14), Mary Kline (John Doe 17), and Floyd G Remley (John Doe 38) – We have been unable to make contact with these individuals or they are not interested in settling.

    Josh Cooper (John Doe 23) – Mr. Cooper has indicated that he is in the process of retaining counsel but no contact has been made as of January 23, 2012

>Jeff Hithcock (John Doe 9) – Settlement discussions last on January 20 and 23, 2012

>Sean Leong (John Doe 33) – Settlement discussions last on January 23, 2012

5. Core discovery needed to be able to discuss settlement in a meaningful way:

>No further discovery needed to be able to discuss settlement in a meaningful way, though further issues may be raised by Defendants answers and affirmative defenses, if any.

6. The parties [have __X__ -have not _____] exchanged the information required by Fed. R.Civ. P. 26(a)(1). If not, state the reason.

>Plaintiff has made initial Rule 26(a)(1) disclosures.  Defendants have not been served with process, and therefore have not yet made such disclosures.

7. Explain any problems in connection with completing the disclosures required by Fed. R.Civ. P. 26(a)(1).

>None.

8. The parties [have __X__ -have not _____] conducted discovery other than the above disclosures. If yes, describe.

>Upon motion, Plaintiff obtained permission for third-party subpoenas to internet service providers, which was necessary to obtain the names and addresses of the current Defendants.  No other discovery has taken place.

9. The parties [have _X_ -have not __X__] met pursuant to Fed. R. Civ. P. 26(f).

(a) If not, state the reason therefor.

>As noted above, Plaintiff has not yet served Defendants.  However, Plaintiff has submitted this plan to all of the remaining defendants.  Plaintiff has incorporated the edits from counsel for Jeff Hitchcock (John Doe 9).

>Plaintiff intends to meet with Defendants or their counsel once they have been served and/or identified.

(b) If so, state the date of the meeting and the persons in attendance.

>Plaintiff had a telephone conversation and exchanged emails with counsel for Jeff Hitchcock (John Doe 9) as of January 23, 2012 regarding the contents of this plan.

(c) If this is not a joint plan, set forth the reason.

>Defendants have not yet been served, and therefore this plan is proposed by Plaintiff and accepted only by counsel for Jeff Hitchcock (John Doe 9).

10. (a) Discovery is needed on the following subjects:

3

>   The circumstances of any infringement by Defendants, including but not limited to the device(s), time, and location of any actions taken by Defendants, and the identity of persons with access to such devices. Discovery should be minimal.
>
>   Reliability of Plaintiff's alleged methods for identifying Defendants by IP address.

(b) Discovery [should _____ -should not __X__] be conducted in phases or be limited to particular issues. If phased discovery is proposed, set forth the reason.

(c) Maximum of 10 interrogatories by each party to each other party.

(d) Deadline to serve interrogatories and document demands: May 4, 2012.

(e) Maximum of 3 depositions to be taken by each party.

(f) Motions to amend or to add parties to be filed by July 3, 2012.

(g) Fact discovery to be completed by August 3, 2012.

(h) Affirmative expert report (if needed) due on September 3, 2012.

(i) Responsive expert report (if needed) due on October 3, 2012.

(j) Expert depositions to be completed by November 2, 2012. (If there is a need for a liability expert and it is necessary to defer the completion of expert discovery beyond the fact discovery deadline, set forth the reason.)

>   Plaintiff anticipates a liability expert to the extent any Defendant disputes that he or she is the alleged infringer.

(k) Dispositive motions to be served within 30 days of completion of discovery.

(l) The settlement conference may take place on May 4, 2012.

(m) The final conference may take place on November 9, 2012.

11. Do you anticipate any discovery issues, challenges or problems? Yes ____ No __X__
If yes, explain.

12. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; foreign evidence collection; problems with out-of-state witnesses or documents, etc.)? Yes _____ No __X__
If yes, explain.

13. Set forth any special discovery mechanism or procedure requested, including data preservation orders or discovery confidentiality orders:

>   Plaintiff may request an order preserving the electronic devices used by Defendants in the above-described infringement.

14. a. Do you anticipate any issues about discovery of electronically stored information, including form of production? Yes _____ No ___X____ If yes, explain._____

---
---

b. Describe how electronic discovery will be produced and set forth agreements the parties have reached about the production of such discovery, including forms of production, cost sharing (if any), software arrangements, etc.

> Plaintiff expects minimal discovery in this matter. Forensic analysis of Defendants' electronic devices may be required.

15. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not presently appropriate, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

> Plaintiff believes that this case is suitable for mediation, but not for arbitration because Plaintiff's theory is the infringement is ongoing and continuous and therefore the amount in controversy exceeds $150,000. Plaintiff suggests that such mediation take place after written discovery is answered. Plaintiff does not anticipate requesting a special master.

16. Is this trial appropriate for bifurcation? Yes ____ No __X__

17. We [do ____ do not __X__] consent to the trial being conducted by a Magistrate Judge.

_____ 1/23/12
Attorneys for Plaintiff(s) Date

_____ 1-23-2012
Attorneys for Defendant(s) Date

Jeff Hitchcock